```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RUSSELL SCOTT SHICK,           )
              Plaintiff        )
                               )
     vs.                       )    Civil Action No. 05-306
                               )    Judge Donetta W. Ambrose/
JEFF HORNBERGER, Warden; ALL   )    Magistrate Judge Amy Reynolds Hay
MEDICAL PERSONNEL, Names       )
Unknown-Drs/Health Care        )
Providers; JANNA ALTOBELLI,    )
LPN; DAVID G. CYPHERT, Vice    )
Chairperson; RONALD CRAMER,    )
M.D.; DONNA HARTLE,            )
Chairperson; DONNA OBERLANDER, )
Chairperson,                   )
              Defendants       )
```

## REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint in the above-captioned case (Docket No. 3) be dismissed for failure to prosecute.

II. Report

The plaintiff, Russell Scott Shick, has presented a civil rights complaint against the above-named defendants alleging that he was denied medical treatment for an existing medical condition while he was incarcerated at the Clarion County Jail.

On October 28, 2005, this Court issued an order directing the Marshal to make service of the complaint along with the other requisite service papers on defendants as directed by

plaintiff.  A copy of the order was sent to plaintiff at the only address on record but returned by the United States Postal Service indicating that the box was closed and that they were unable to forward.  Consequently, on December 28, 2005, the Court issued an order directing plaintiff to show cause why the case should not be dismissed for plaintiff's failure to advise the Court of his last known address.  That order has also been returned undelivered and marked by the United States Postal Service as "box closed" and "unable to forward."  As well, plaintiff has failed to otherwise notify the Court of his whereabouts or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

       (1)   The extent of the party's personal responsibility.

       (2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

       (3)   A history of dilatoriness.

       (4)   Whether the conduct of the party or the attorney

was willful or in bad faith.

 (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

 (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

  Factors 1, 3, and 4 all relate to plaintiff's failure to notify the Court of his new address and failure to comply with this Court's order. Plaintiff's failure to notify the Court of his change of address so that the Court could communicate with plaintiff and his subsequent failure to respond to the Court's Rule to Show Cause was not only solely his personal responsibility but his failure to do so even at this juncture appears willful and constitutes a history of dilatoriness.

  With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- there appears to be no prejudice as there is no indication in the record that defendants have been served with the complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

  The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary

sanctions are appropriate.  However, because he has failed to notify the Court of his change of address so that the case may go forward as evidenced by his failure to respond to the Court's Rule to Show Cause, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

     Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/   Amy Reynolds Hay  
                                        AMY REYNOLDS HAY  
                                        United States Magistrate Judge

Dated:   25 January, 2006

cc:  Russell Scott Shick  
     P.O. Box 76  
     St. Petersburg, PA 15054